# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JENKINS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. 1:23-cv-01590-NODJ-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Alonzo Jenkins is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the Court does not have jurisdiction over a § 2254 petition challenging only a restitution order, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

On October 6, 2023, Petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Northern District of California. (ECF No. 1). On November 9, 2023, the petition was transferred to this Court. (ECF Nos. 6, 7.) In the petition, Petitioner challenges a restitution order because there was no hearing held on whether Petitioner had the ability to pay, in violation of his due process and equal protection rights. (ECF No. 1 at 8.)[1]

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

Petitioner requests that the Court "mo[d]ify and stay his Restitution Fines imposed in excess of $200.00 and that any higher or large amount violates his due process" and the Eighth Amendment. (ECF No. 1 at 9.)

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As § 2254(a)'s "in custody" requirement is jurisdictional, "it is the first question [the Court] must consider." Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010) (quoting Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998)).

Section 2254(a)'s language "explicitly requires a nexus between the petitioner's claim and the unlawful nature of the custody." Bailey, 599 F.3d at 980. Here, Petitioner's "challenge to the restitution order lacks any nexus, as required by the plain text of § 2254(a), to his custody. While [Petitioner]'s liberty has been severely restrained by his conviction and custodial sentence, the remedy that [Petitioner] seeks, the elimination or alteration of a money judgment, does not directly impact—and is not directed at the source of the restraint on—his liberty." Id. at 981. "Because courts do not have jurisdiction over a habeas corpus petition brought pursuant to § 2254 challenging only a restitution order," id. at 984, the Court finds that the petition should be dismissed.

///

///

///

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **January 8, 2024**              /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE