UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO JENKINS,<br><br>              Petitioner,<br><br>       v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>              Respondent. | No.  1:23-cv-01590-KES-EPG (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>Doc. 13 |

Petitioner Alonzo Jenkins is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 8, 2024, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction because petitioner does not challenge his custody, but rather, a restitution order against him.  Doc. 13.  The findings and recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the findings and recommendations.  *Id.*  On February 8, 2024, petitioner filed timely objections.  Doc. 14.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case.  Having carefully reviewed the file, including petitioner's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

1    The findings and recommendations are correct that the Court has jurisdiction to review a habeas
2    petition only when the petition asserts that the petitioner "is in custody in violation of the
3    Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and the petition here
4    does not do so. *See Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). Indeed, petitioner concedes
5    as much in his objections. Doc. 14 at 2 ("Petitioner is not challenging his conviction[] or plea. . .
6    . [T]he Petitioner is [challenging] the excessive restitution fines given by the sentencing court.").
7    The Court therefore does not have jurisdiction to review the claim.

8    Having found that petitioner is not entitled to habeas relief, the Court now turns to
9    whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus
10   has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is
11   allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28
12   U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could
13   debate whether (or, for that matter, agree that) the petition should have been resolved in a
14   different manner or that the issues presented were 'adequate to deserve encouragement to proceed
15   further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S.
16   880, 893 & n.4 (1983)).

17   In the present case, the Court finds that reasonable jurists would not find the determination
18   that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to
19   proceed further. Therefore, the Court declines to issue a certificate of appealability.
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

Accordingly:

1. The findings and recommendations issued on January 8, 2024, Doc. 13, are adopted in full;
2. The petition for writ of habeas corpus is dismissed;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: December 12, 2024

UNITED STATES DISTRICT JUDGE

3